Good morning your honors and may it please the court. CNA Evangelist for Wal-Mart. I'd like to reserve five minutes for a rebuttal. We're here today because Wal-Mart was penalized more than 100 million dollars for wage statements that complied with California law as interpreted by California courts even though the named plaintiff was undisputedly paid everything he was owed and he testified that he was not harmed and there was not a shred of evidence that any class member was injured. The judgment should be reversed for several reasons and let me begin with the overtime adjustment claim. Plaintiffs challenged the way that Wal-Mart reported quarterly overtime adjustments that Wal-Mart made because it pays bonuses to its associates. Plaintiffs theory has been rejected by the two California appellate courts to consider this issue. They're the Canales and the Morales decisions. Both of those held based on the plain text of 22 excuse me 226 a 9 that hours and rates for after the fact pay adjustments like this don't need to be reported on wage statements that in the end of the story. So I'd like to just take a step back here and if it's helpful to the court explain what these overtime adjustments are. So after the quarter Wal-Mart pays bonuses based on certain metrics. California law requires Wal-Mart to recalculate the overtime that employees are owed for the quarter after factoring in the bonus into their rate of pay. So California law that is I couldn't find that in the briefs. Thank you your honor I I will pull that up in a minute I don't have it at my fingertips but the parties agree that this is a requirement under California law. So the question is so Wal-Mart makes these small adjustments to overtime pay as a result and then these are very small amounts. So in Mr. Magadia's case this was 0.01% of his pay. So Wal-Mart reports those after the quarter ends and it does so in the at that time. This is now after that quarter has closed. By statute those wage statements are for a discrete pay period and Wal-Mart issues them bi-weekly and they have to report the start and end dates of that pay period along with the hourly rates in effect and the hours worked. So question counsel then during that quarter when this is calculated is a pay rate actually calculated then even if it is even if it is for the past quarter in order to then establish what the overtime bonus is? So at the time that the payment is made your honor after the work is done and after the bonus the bonus is paid yes Wal-Mart will calculate an over overtime adjustment rate in order to pay those overtime adjustments. But the I'd like to go to the statute here because really the plain language of the statute is clear and it says that the wage statement must list all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate. So the problem here is that for this overtime adjustment there is no hourly rate in effect during the pay period. But Wal-Mart would concede that there is an hourly rate it's just that in effect during the pay period. Do I have that right? It's an overtime adjustment rate so I think when we're talking about hourly rates of pay your honor it is rather a term of art and it's the fact that someone might get paid $10 an hour $15 an hour that's the what's known to be the hourly rate of pay. This rate for the overtime adjustment and the court in Morales the effect it's artificial and it comes into effect only after the bonus is paid in order to calculate that adjustment after the fact then it vanishes. So and it changes it's based on all sorts of variables that change from quarter to quarter depending on hypothetically if you didn't calculate it post hoc would you then be in violation of the statute? If it was. If you never did it if you never calculated it. Well your honor we we have to calculate it after the fact in order to pay the overtime adjustment but we're not in violation because it's not an hourly rate in effect during that bi-weekly pay period. Well that's why you say and she found the violation during that pay period but let's say if you just never did recalculate it you just paid the bonus and you never did recalculate it would you then be in violation of this statute? Well we wouldn't be in violation of the wage statement statute I want to go back to Judge Bumate's question. It's labor code section 510 and it's on page 5 of our opening brief that's the provision that requires Walmart to make those adjustments. So I think Judge Callahan to your question we would if we were not adjusting overtime pay based on these bonuses then we would be in violation of labor code section 510 but there's no dispute here that Walmart correctly calculated those overtime adjustments. So you were found in violation of that before it that two week before right you were not credited with your post hoc calculation. Well your honor it's the reporting of the calculation. It's the reporting of the rate that we use to make the calculation that the judge held violated labor code section 226 A9. But do you also claim that Magadia doesn't have standing? We do your honor and I think the simplest reason why he doesn't have standing is that his interest that's asserted here is not protected by this statute and plaintiffs entire argument for standing is that they claim the violation of section 226 A9. But wouldn't he have informational standing doesn't someone isn't that if if if he was never given that statutorily required if he's never given statutorily required information wouldn't that constitute a harm and for standing purposes? It wouldn't your honor first that information that he's seeking is not required under 226 A9 so there and and we were just discussing why we believe it does it's not required under Canales and Morales in the plain text of the statute. I'm not buying your I'm not buying your standing argument that's so I think I'm gonna get beyond that but I can't I I can't speak for the panel but well your honor two things on procedural violation is not enough here and for a wage statement claim like this where there are just limited categories of information that are required to be disclosed we think that this is not these this information sought is not some of the information that's required that's number one but number two there has to be something more there has to be either actual harm or a material risk of harm and this court's decisions post Spokio are very clear on this and in the case which we've cited and also in the Bassett versus ABM case the court has held repeatedly that there has to be some additional injury so here the plaintiff hasn't suffered any additional injury and this court's decision in May's versus Walmart is also on on point here that there has to be something more those standing arguments are limited to the the labor the 226 a violations right the meal the meal ticket claim is different and it seems uncontested that he was never injured under that claim is that is that right that's right your honor actually the district court held that he had no meal break violation and because it it deemed that it was enough that it believed he suffered other violations of let me ask you that I know that that let's let's just assume and I this is hypothetical let's assume that I agree with you on the penalty claim but well when I get to the the meal break one and it is undisputed he didn't suffer there but did you I don't know if you listen to the prior case I mean paga is sort of a and it's a difficult statute in that it's different in a lot of things would would the state have had standing to sue Walmart for the alleged meal break violations and if so why wouldn't Magadha likewise standing to bring that claim given that the paga suits are of a key Tom nature I know that's only about $70,000 out of this whole thing here but you know the devil is always in the details and so my question is is that paga claim different because of that well your honor the district courts errors on this this issue are just symptomatic of all of the bigger problems so I think that here the government doesn't have the injury the injury is of quote aggrieved employees under paga so it's not a situation like a traditional key tam where the injury has to be individualized it's only an aggrieved employee can proceed so we think number one that mr. Magadha is lack of standing should have precluded any paga penalties on the meal break violations we also have have made very clear that there was no evidence of any real meal break violations here the district court used a questionnaire that it treated as conclusive proof and never that questionnaire actually showed that there was a violation it was just an exception report and Walmart paid premiums even though people might not have actually had a violation simply because they thought it was better to do so and and they didn't treat that as conclusive proof of some violation so I think there was absolutely I don't think you answer the judge's initial question though the state can though bring enforcement of the meal break violation correct that's correct a state can bring a paga action judge but that's not because because not because they suffered an injury but because of some special standing for states is that would that be argument or that's right they don't have their own injury the injury is to aggrieved employees so but here I that's why that but then the pocket claim is why you know I guess the question is why don't doesn't the paga plaintiffs like the gaudy a stand in the when they're doing that because the statute also requires that he he must be an aggrieved employee and he can only seek penalties on behalf of aggrieved employees so it's that requirement that does require some injury to the individual employees and and so here but more fundamentally the state can't bypass article 3 so states can't create standing under article 3 and so we can just as a fundamental matter look at the the US Supreme Court's decision in Hollingsworth versus Perry or in Kasky versus Nike there have been numerous cases where the Supreme Court has said that state courts and states can't issue tickets to the federal courthouse I think that was the language so so I think here the the if the state has not suffered any injury if there's no injury to aggrieved employees then there should be no injury even for the state to pursue this action but that's not what we have here we have an individual and I think he lacks standing for that claim he also lacks standing for the other claims but but again even if the judge Callahan's point it even if a bare procedural violation were enough here which it isn't because this is not sort of informational injury that I think rises to the level of say the privacy cases that this court has had post Spokio this is different this information is not required to be disclosed under California law and the district court disregarded the California Court of Appeals decision in Canales and Morales and that those decisions are the only Court of Appeal decisions on these issues and so the court was not free to disregard them and this court has to follow the opinions of the highest court in California absent the California Supreme Court having weighed in on the issue and there's no no no persuasive proof that the California Supreme Court would ever disagree with these decisions they are based on the plaintext of the statute so I would like to also address the statement of final pay claim that's one of the other wage statement claims and that's under labor code section 226 as well where the statute says that the employer semi-monthly or at the time of each payment of wages shall furnish his employee a statement including the inclusive dates of the period and under a published portion of Canales the California Court of Appeals said that employers have a choice they can issue the wage statement with the final pay or during the semi-monthly time period that they normally would issue that statement so this statement of final pay in this case was not a wage statement it never purported to be so it didn't need to list the date so once again this is in conflict with the Canales decision and finally even if Mr. Magadia has standing even if the absent class members had standing which the district court never grappled with and under this court's decision in Ramirez plaintiffs had the burden to prove standing for absent persons but even if they all had standing and even if California law requires disclosure of these pieces of information there is no way that injured anyone was intentional and the statute requires that it has to be knowing and intentional before imposing these massive statutory damages and the district court treated its interlocutory summary judgment ruling as effectively a contempt order and it said that Walmart was effectively in contempt and its violations were knowing and intentional after the the district court summary wasn't appealable it wasn't an injunction that required Walmart to do anything so really this is just extraordinary that Walmart was held to not be in good faith and the district court erred in in treating its summary judgment ruling as effectively a an injunction or or treating this as civil contempt I would like to reserve the balance of my time if that's okay thank you all right that's fine unless if either of my colleagues have a question before I'll let them ask it and still give me the time but it looks like you've answered our questions all right thank you all right mr. Taylor your turn you judge thank you judge Callahan and may it please the court Jonathan Taylor for the plaintiff I believe Roderick Magadia Walmart's entire theme both this morning and in its briefs is that the decision below somehow represents a gross distortion of the law but the truth of the matter is that it is actually Walmart's legal arguments that are extreme with respect to each of the three issues on appeal Walmart asked this court to adopt a rule of law that if accepted would have profound ramifications going forward and that in many instances is squarely foreclosed by binding precedent so I'm going to start with article 3 judge Callahan I know that you weren't buying Walmart's arguments here but just in case you don't speak for your colleagues on this I'll spend a few minutes on it if I may so after Walmart removed this case from state court claiming that their subject matter jurisdiction in federal court it now takes the opposite position years later having lost a trial and seeking a do-over in the state court system Walmart claims that there's actually no basis for federal court jurisdiction because it's violations of California law cause no injury and because federal courts lack the ability to hear Paga claims unless the plaintiff independently has standing both of those arguments are wrong as to injury Walmart urges this court to rewrite standing doctrine and devise a different test depending on whether the claimant issue is a state law claim or federal claim that argument would work a sea change in the law and it has been squarely rejected by both the Supreme Court in more recent cases like Patel which applies this court's test in Spokio to to a state law claim so that two-part test from Spokio to is the operative test here now Walmart in its opening brief said that this case failed step one of the test but it abandoned that argument in its reply after this court held to the contrary in May's and rightly so this court in May's found that the goals of this exact statute quote are plainly substantive this court's words not mine because it was meant to provide workers with transparency about their compensation to prevent them from being cheated out of their wages and so now Walmart shifts its focus to step two and argues that even if it's violation caused the exact harm that the statute was designed to prevent an employee's inability to determine whether they were paid properly which they conceded at trial at ER 208 there is nevertheless no cognizable injury because the plaintiff did not show that he suffered any additional out-of-pocket harm or that is his wage statement was somehow false or caused him subjective confusion and that same argument was made to and rejected by a unanimous Supreme Court in Spokio which made clear that a plaintiff need not show any additional harm beyond that identified by the legislature and that's true for informational harms as well as you noted judge Callahan which is why FOIA plaintiffs always have standing so and the main argument I'm hearing on the other side is that there's no violation here on the merits but that's a merits question not a question a gateway question for article 3 standing you actually assume that there's that we're right on the merits for purpose well what about the meal ticket I mean sorry the meal break claim so that goes to the second piece the paga piece because there's a paga claim as to all three of the claims here not just the meal period claim but I think this is I'll just spend a couple of minutes on this because I think it's a pretty straightforward question Walmart itself straightforward for me it's only it's only $70,000 of it but you know I'm just wondering you know how do you respond to Walmart's argument that a government can assign only claims for its own financial losses for key Tom standing purposes I would have any loss I would point this court to the Supreme Court the US Supreme Court's decision in Stevens so that that case held that key claims under the False Claims Act that there's article 3 jurisdiction in federal court for those claims irrespective of whether the relator can show independently that they've suffered an article 3 injury and the court held that that's true for two reasons both of which are fully applicable here so the court said first that it is beyond doubt that a key Tam claim asserts an injury to the government and that includes the distinct injury I'm quoting here to its sovereignty arising from violation of its own laws so my friend on the other side is simply not correct when she says that Walmart hasn't saw that the government here has not suffered an injury it absolutely has and that's the reason why it could pursue an enforcement action in court on its own if it wanted to and that analysis is fully applicable here now with respect to the second justification oh yeah didn't they say that because the federal government sustained the injury itself then it could be assigned that's right but one of the two injuries there was the proprietary injury that the government suffered which was one basis for first standing but then there was the separate interest to the sovereignty of the state in enforcing its own laws and that's a separate concrete injury that the court recognized I'm looking at page 5 to 9 u.s. at 772 and that'll give you exactly the quote and then the second justification the second rationale that the court offered in Stevens was a historical one and it said that this conclusion the conclusion that there's article 3 standing that article 3 jurisdiction exists for ketamine claims is confirmed by the historical tradition of ketamine actions and in particular if you look at footnotes 6 and 7 you will see laws that are the mirror image of Paga those laws which were enacted by the first Congress and there were also laws on the books in the colonies as the Supreme Court notes were precisely the same as Paga they provided a bounty to private citizens for helping to collect it is simply not true to say that Paga is some newfound 21st century creation it is actually the latest in a long line of laws dating to the founding and beyond and the so the same historical pedigree so counsel if if Paga allowed me allowed individual to pursue antitrust case violations so say there's antitrust case involving iPhones and I I never had an iPhone can I just go into court and sue under Paga for violations you couldn't under Paga but if the California legislature created a statute that would give you a cause of action for that and the government otherwise would it be able to collect civil enforcement penalties and it assigned that claim partially and obviously it keeps the bulk of the penalties but then it assigns the bounty portion of them to the aggrieved employees those agreed employees continue to have their own claims but I think that framework would be perfectly consistent now of course the government has to live with the you know the results of creating that a plaintiff loses the plaintiff though in that case never had to sustain any injury whatsoever that's right but it's not the plaintiff's injury that forms the basis of standing but rather the government's partial assignment of its own injury and then the government has to live with the results of the case if the case if the government if the plaintiff there loses that action the government is bound by that it cannot bring its own action to enforce the statute and run around the injury prong of article 3 standing so the state could assign any injury it wants any individual no matter what there's no limits to that well I mean I think the state has to has to have suffered an injury and the state has to create a cause of action and then it has to live with the results of that litigation if it loses the injury the state is only just the interest in enforcing laws that's not well I guess I would I would point you to the court's decision in Stevens which I think that's the upshot of the course I'd say hypothetically and I'm saying this hypothetically because we obviously haven't conferred on it let's just say hypothetically we say that judge Coe got it wrong on the the hourly rates adjustment ad hoc and also that the final overtime if let's say we said and that the only thing that's left is the breaks all right if if judge Coe is wrong on that then I think I understood miss evangelist to say that there wasn't even a showing that anyone had suffered any meal break that that what was presented not only that it was undisputed that your client didn't have that problem but that it was and but that there wasn't enough of a showing that anyone had suffered that are you out then if there's no showing that that you don't even make that that that the state has suffered anything that there's no meal break violations here do you lose them well if there are no meal break violations at all then then the basis for that claim goes away but I will I just want to I want to fight the premise well did I did I understand her to say though that she's saying okay it's undisputed that your client doesn't have a meal break violation but your claim for standing is that he's representing all of these people these other people he's stepping in as the state these other people that have meal violations I think I understood her to say and maybe I'm wrong that you didn't even make that showing that there was any meal break violations well I think what happened here what judge Coe found is that I understand did you understand her argument to be that or am I missing I did I understood it the same way and I'll take a crack at trying to respond to that I think that I think that we saw what judge Coe found here is that the plaintiff as to his individual claim meal break claim that he hadn't showed that his violation that the violation that he alleged was timely it could have occurred before the statute of limitations started running and therefore that his claim failed as a matter of proof and what as the California Court of Appeals held in Huff the Paga claim is different all you have to show is that you're in a grieved party for purpose of one Paga claim and you can bring multiple claims on behalf of the government now you still have to comply with the procedural requirements of Paga and ensure that the government has an opportunity before you file suit to investigate to bring its own claim if at once if it were class action and he can't show a claim that he can't be the he can't represent the class right correct that is correct you're saying Paga is different because he's rep he's in the shoes of the state is that am I getting that correctly that's right it's the it's the government's claim the government you know has the right to the full amount of the proceeds now it has decided to assign as a bounty a quarter of the proceeds to the aggrieved employees but it's that doesn't change the fundamental fact that it's the government's claim now if I could turn to the premise of your question and try to take issue with it because I think it's obviously quite important here now this is on the state law question I will say just on the meal period claim first as a predicate that I don't want to say too much about this because the California Supreme Court has before it this exact same issue right now it's been fully briefed and it'll probably get decided sometime next year and so I think the prudent course might be for this court to await decision from that court as to this question rather than try to answer it or make a prediction an unnecessary prediction prematurely now as to the two claims that I'm gonna train the court's attention first on the speaking of that the California Supreme Court's going to and which claims are that is that gonna affect yes so that's the Farrah case I believe we cited at page 43 of my brief I'm going from memory here I could be wrong but we noted in our brief so the Walmart relied on the the Court of Appeal decision in that case in its opening brief and in between the filing of Walmart's opening brief and our brief the California Supreme Court granted a petition for review which of course renders the lower court decision unpublished and it's going to decide the very question that is at the heart of the bill period claim which is whether rate of pay is the same as under California law as rate of compensation and so I think it would make sense for this court to await a decision from the California Supreme Court as to that issue now on the overtime adjustment claim I the thing I want to really impress upon this court is the ramifications of ruling in Walmart's favor on this claim so on the a9 claim Walmart the key the key statutory language as Walmart noted is rates in effect during a pay period and Walmart's legal position if you look at their opening brief if you look at the briefs of their amicus amici is that only that that refers only to wages that are earned during that that during that period but if that's right and Walmart does not deny that this is a consequence of Walmart's position then under this reading employers could avoid ever having having to give itemized overtime payments because as a matter of California law they and I think this is labor code 204 b2 they can wait until the next pay period to provide that information and if that's true then those hours were worked in a previous pay period and under Walmart's reading of this statute do not need to be reported that Walmart's overtime adjustments quote hourly rates in effect during the pay period unquote when they are calculated after the fact based on work done in a prior pay period so in in our view that the answer is simple the statute requires employers to list the rates and hours of wages for any hourly wage appearing on the pay stub for that period so there they were their operative because wages were actually paid at that rate during that pay period so that's our reading of the statute we think that is the best reading of the statute under the plain text of the statute under the structure and context of the statute the entire regime focuses on the payment of wages and we think it's a California Supreme Court going to decide that issue no and I think you're putting your finger judge Callahan on my next point which is that to the extent that you think there's some doubt about what the California Supreme Court would do given the existence of these two unpublished decisions that do not make law in California and cannot be cited in the California court system if you have some doubt about it because of those decisions and I'll just don't parentetically that those decisions disagree with one another as to the reasoning the court the court in Morales would have come out the other way if it followed the canal it's rule so you have a kind of three-way split if you will so if the court finds that there is some concern that it has about what the California Supreme Court would do it might wish to certify this all right is this require this judge Coe's that and let's just say if there is confusion and now if what you're saying the Supreme Court clears up that confusion can that be imported to their intent at the time so that that's a second prong of an individual claim this does not exist for the Paga claim which is over half the you know the damages or the penalties in the case so it only exists as to the you know the knowing and intentional prong only exists as to the statutory damages claim now it might be the case we don't think this is true but you might be the case that the California Supreme Court in interpreting that language would find that there that it allows for a good-faith misunderstanding of the law and that it would be that we would not be able to satisfy the knowing and intentional requirement here so if you're certifying if you're waiting for the court on the meal period claim and you decide that it's given the stakes of the case and all the amicus briefs and the amount of money at stake in this case and the ramifications of ruling in Walmart's favor that maybe the California Supreme Court should get the first say about what its own law means then it could also decide this question and perhaps the final waive statement question too because these are really really important questions for California employers for California employees judge Callahan you noted in the previous argument that California is like its own nation and that's absolutely true and so you want to make sure you're getting the law right particularly when it comes to a disclosure regime what are what are you're saying that we should certify what quote hourly rates in effect during the pay period means I think that if you if you have some doubt about what it means because of Morales and Canales I think the court should certify because it's such an important question given the stakes of the case and we think there's a right answer if you apply the traditional tools of statutory interpretation that the California Supreme Court looks to when it decides state statutory questions involving the judge goes right we think that's right and we give some additional reasons in our brief why she's right but we think she absolutely got it right under the plain text I ask a question what what's your clients interest in knowing that he was paid 20 cents an hour on the bonus it's so de minimis well that I mean that might be you know for a particular pay period for him it might happen to have been de minimis but the interest that he has which is the same interest that the class has is just the interest in knowing that you're paid properly yes it happened to be that's a point that you can't figure that out from knowing that because it's it's a weird formula based off of what the overall bonus is and then you divide by the number of hours over the order so I don't even it to me it doesn't further that interest at all I just don't see it well I think that you know this might get to the standing question and I think that there's another reason certification might make sense because what the court says about what the statute is designed to prevent might have some bearing on how you do the spoken to analysis but I'll take a crack at it myself I think that at a minimum it you need to know it's a black box right now it's just a lump sum now maybe it's a small lump sum for a particular plaintiff in one quarterly you know wait statement but that's not always going to be the case it doesn't have any other input so right now you can employ is entirely in the dark as to how that was calculated at least if you gave them the total numbers of hours that were worked and that the additional hourly rate they can know whether the math was correct for starters and I would just also say that nothing is preventing Walmart from just providing more information to its employees in the bare minimum required by California law and and finally just on penalties I just want to say before my time is up that that Walmart I mean one of these two claims here could have been cured in the entire Paga liability avoided the minute that Walmart was given notice that notice was given to the state that a Paga claim could be brought it could have cured the violation at a statutory right to cure the violation and wouldn't have owned any Paga claims and this would have been the easiest fix in the world that could have just added a line on these statements of final pay including the dates and Walmart refused to do so it consistently refused to do so has there ever been a case where a district courts interlocutory order serves as notice on labor law evaluation I I was surprised to see that well I mean I don't know that there's been a case but it also had no effect in this case because the court awarded no statutory damages on that claim and there's no knowing intentional prong to Paga and so it had absolutely no effect in this case if anything it's our view that the court took too generous of you of what the knowing and intentional requirement means and we think the better reading and when it's doesn't count but again if there's doubt we think certification be the proper course and I'll just say also on penalties that the vast majority of the penalties here were imposed after the complaint was filed I mean the statute of limitations is just one year it's relatively short and we're talking about quarterly violations so it only happens four times in a year and the first violation is only a $50 penalty so when this case was filed Walmart was not and yet it continued to take the risk going forward there was violating law even though the fix would have been very very easy and Walmart's position now is that because it's so big because it continued to violate the statute that it's somehow too big to punish and that there's a constitutional problem with the damages even if there would be no constitutional problem with respect to individual damages awarded to each employee on an individual basis all let me make sure that either judge Bumate or judge Presnell did either of you have any questions of mr. Taylor no okay so wrap up in 30 seconds thank you very much we would ask that the court affirm judge Coe's thoughtful and balanced decision below and to the extent that there's doubt we would ask that the court certify a state law question to the California Supreme Court thank you very much thank you all right thank thank you your I'm trying to do you want to respond to the certification issue for me thank you your honor I'll begin there there's absolutely no need to certify here when the California Supreme Court denied review in both Canales and Morales and we know that in California that means something so the fact I think also that those are both unpublished just illustrates our point that the text is so clear here that there is no obligation to disclose the sort of post after the fact artificial rate that Walmart came up with because it had to pay this adjustment and and I'd like to take a step back here because the law is clear there's not a single California Court of Appeal case on the other side that both of the cases that we've cited agree with us and again the California Supreme Court denied review there's no basis for certifying this but case that they did take up how what yes how could that possibly affect this thank you I have absolutely no bearing on this it's about how meal premiums are calculated meal break claims it has nothing to do with wage statement claims so I just want to be clear because I think it is only if at all relevant if the court believes there was standing to bring the meal break claim if it believes that there were meal break violations then it has to do with how amounts are calculated it's it's like a fourth level issue that is never going to come up in this case and I'll go back to the standing point for the meal break violations the whole basis for mr. Magadha is standing which we disagree with but was judge Coe found he suffered violations of two to six so therefore he had standing as an aggrieved employee to bring violations bring a claim for a violation of the meal break statute so if he in fact suffered no violation of two to six because of the overtime adjustment and the statement of final pay and his standing goes away so there is no basis for that claim either and we never even get to the Farah issue which is again we have briefed it and I don't think there's any reason to wait for it because it just isn't implicated here so this is because again taking a step back Walmart chose to pay bonuses to his associates voluntarily it paid everything that was owed it calculated the overtime adjustments correctly there's no claim that it miscalculated anything the claim is only that it was somehow required to disclose that post hawk artificial rate that it came up with after the quarter closed every was never an hourly rate in effect at the time I think judge boom and say you're exactly right judge Callahan this just isn't within the scope of section 226 a 9 so there's no violation of that provision there's no violation of the statement of final pay or at the same reason Walmart provided the statement as it was required to on a bi-weekly basis and the Canales decision is on point there is no confusion in California law on any of these issues so there's no basis for certifying anything and there's also no way that the state simply beam that mr. Magadha can bring a claim for a meal break violation even though he didn't suffer one because again that goes back to Hollingsworth versus Perry and it's different from federal key tam cases date and in that case the state could not assign its supposed injury to the proponents of Proposition 8 to continue that appeal so it's exactly the same situation is here the state can't assign any injury even assuming it had one to mr. Magadha especially because even under state law he suffered no violation of any provision of the labor code so he just doesn't have any standing so for all of those reasons your honors we would ask that the court reverse the district courts judgments here and and and I thank you for your questions and I'm I don't think we have any additional questions I want to thank both of you for your excellent argument it's always a pleasure to have lawyers that are so well prepared and you know both you know I my my law clerks always watch all of this and I have externs that work for me that watch argument and so I always like to conclude a day with for both parties are so prepared and so articulate about their respective positions so I thank both of you for that and now this matter will be submitted and this court will be in recess until tomorrow at 9 thank you thank you very much thank you your honor
judges: Callahan, Presnell, Bumatay